JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrea Gegenheimer
4624 Pottsville Pike, 2nd Floor
Reading, PA 19605

**DEFENDANTS**
Kenco Logistics Services
1002 Patriot Parkway, #100
Reading, PA 19605

**(b)** County of Residence of First Listed Plaintiff    Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Esq., Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA, 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❑ 2   U.S. Government Defendant
- ❑ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & | ❑ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 340 Marine | Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 360 Other Personal | ❑ 380 Other Personal Property Damage | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | Injury | ❑ 385 Property Damage Product Liability | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | ❑ 362 Personal Injury - Medical Malpractice | | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | ❑ 871 IRS—Third Party 26 USC 7609 | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation - Transfer
- ❑ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq

Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
2/28/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Andrea Gegenheimer                                  :          CIVIL ACTION

          v.                                    :

Kenco Logistics Services, et al                      :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                ( ✓ )

| 2/28/18 | Graham F. Baird | Andrea Gegenheimer |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | grahamb@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4624 Pottsville Pike, 2nd Fl, Reading PA 19605

Address of Defendant: 1002 Patriot Pkwy, #100, Reading PA 19605

Place of Accident, Incident or Transaction: 1002 Patriot Pkwy, #100 Reading PA 19605
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))            Yes☐   No☑

Does this case involve multidistrict litigation possibilities?            Yes☐   No☑
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
            Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
            Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
            Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
            Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Graham F. Baird _____, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 2/28/18 _____    _____    92692
                                  Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/28/18 _____    _____    92692
                                  Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA GEGENHEIMER<br>4624 Pottsville Pike, 2nd Floor<br>Reading, PA 19605<br><br>        Plaintiff,<br><br>        v.<br><br>KENCO LOGISTICS SERVICES<br>1002 Patriot Parkway, #100<br>Reading, PA 19605<br><br>And<br><br>KENCO GROUP<br>2001 Riverside Drive<br>Chattanooga, TN 37406<br><br>        Defendants | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

### I. Parties and Reasons for Jurisdiction.

1.      Plaintiff, ANDREA GEGENHEIMER (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, KENCO LOGISTICS SERVICES ("KLS") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania and a business address as captioned above.

3.      Defendant, KENCO GROUP ("KG") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal business address as set forth above.

4.     At all times, Defendants, KLS and KG were acting in concert and by and on behalf of each other and at all times both Defendants qualified as Plaintiff's "employer" under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act.

5.     At all times material hereto, Defendants employed Plaintiff at its Reading, Pennsylvania address as set forth above and qualified as Plaintiff's employer under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

6.     Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

7.     This action is instituted pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal and state law.

8.     Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

9.     Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

10.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II.  Operative Facts.**

9.      In November of 2014, Defendants hired Ms. Andrea Gegenheimer as a clerk to work in Defendants' Reading, Pennsylvania office.

10.      In January of 2016, Ms. Gegenheimer was promoted to office administrator.

11.      In late August of 2016, Ms. Gegenheimer began having serious bouts of vertigo that were leaving her bedridden.

12.      Ms. Gegenheimer applied for and was approved for leave from her employment pursuant to the Family and Medical Leave Act in order to seek diagnosis and treatment for her vertigo.

13.      Ms. Gegenheimer was initially approved for FMLA leave until September 9th, 2016, approximately three (3) weeks.

14.      Ms. Gegenheimer provided medical documentation from her primary care physician, Dr. Ilana Rachshtut, to Defendants' General Manager, Colleen Shields, stating that Ms. Gegenheimer was cleared to return to work but with the restrictions that she was to do no bending or lifting, and that she was to work no more than 35-40 hours per week no more than eight (8) hours per day.

15.      Ms. Shields told Ms. Gegenheimer not to come back into work until she "okayed" the restrictions needed, stating that she couldn't be sure she'd be able to lift something like a binder.

16.      At all times, Ms. Gegenheimer's job was primarily a desk job and involved no bending or lifting. As such, none of her physician's restrictions interefered with her ability to perform the essential functions of her job.

17.     After two days of waiting and several calls and texts by Ms. Gegenheimer with no response, Ms. Shields finally informed Ms. Gegenheimer that she was permitted to return to work.

18.     Upon Ms. Gegenheimer's return on September 9th, 2016, her computer had been removed from her workstation.

19.     Ms. Gegenheimer was then assigned to the warehouse performing a completely different job.

20.     The warehouse job assigned to Ms. Gegenheimer entailed physical labor, including the bending  and lifting that her treating physician specifically instructed her not to perform.

21.     For the next several weeks, Ms. Gegenheimer worked in the warehouse job, despite the fact that her medical condition was not being accommodated by Defendants.

22.     Ms. Gegenheimer explained to Ms. Shields that the new warehouse job Defendants had assigned to her was physically difficult for her to perform given her medical condition.

23.     Upon hearing this, Ms. Shields threatened to send Ms. Gegenheimer home, stating that she "didn't like [Ms. Gegenheimer]'s attitude."

24.     Despite her doctor's instructions limiting Ms. Gegenheimer's work hours, Ms. Gegenheimer was still assigned to work overtime by Defendants, and was being penalized for her attendance, accumulating "attendance points" if she did not work a full eight (8) hours.

25.     On or about October 8, 2016, Ms. Gegenheimer suffered an exacerbation of her medical condition.

26.     For approximately one (1) week, Ms. Gegenheimer was out of work, under the care of Dr. Rachshtut.

27.     During this period, Ms. Gegenheimer texted Ms. Shields daily. On October 14, 2016, Ms. Gegenheimer was feeling better and texted Ms. Shields to see if she could return to work, following the protocol that Ms. Shields required during her first leave of absence.

28.     Ms. Shields was nonresponsive.

29.     Ms. Gegenheimer attempted to contact Ms. Shields several times a day, through her office number, personal number, and through text with no response.

30.     Ms. Gegenheimer even reached out to Rose Padilla, another supervisor, who stated that she wasn't sure Ms. Gegenheimer was even employed there anymore as she was no longer in the time clock system.

31.     On or about October 26, 2016, Ms. Gegenheimer received a call from Bill Lamar, a human resources representative from Defendants' corporate office.

32.     Mr. Lamar asked Ms. Gegenheimer if she had called The Hartford Insurance Company regarding her absences. Ms. Gegenheimer replied that she had not.

33.     Mr. Lamar stated that he wasn't sure he could "save her job" at this point, but that she should contact The Hartford and also Ms. Shields immediately.

34.     Ms. Gegenheimer did so, leaving a message for the claims representative at the Hartford that had handled her initial FMLA matter, and also speaking with Ms. Shields.

35.     Ms. Shields seemed surprised that Mr. Lamar had advised Ms. Gegenheimer to contact The Hartford, and stated she would need to speak with him and then call back.

36.     A few hours later, Ms. Shields called back and stated that Ms. Gegenheimer's employment was being terminated for excessive absenteeism and for not following proper call-out protocol.

37.     Ms. Gegenheimer had previously never had issues with her attendance or absences prior to her leave for her medical condition.

38.     She was utilizing the same methods to call out that she had previously.

39.     Defendants rewrote the attendance policy near the time Ms. Gegenheimer was terminated.

40.     Ms. Gegenheimer was unaware of the newly-written attendance policy until she received a copy of it with her termination papers.

41.     In addition, other of Defendants employees amassed over the amount of "attendance points" that according to the policy resulted in termination, but were not terminated.

42.     Defendants refused to engage in a meaningful back and forth with Ms. Gegenheimer towards a reasonable accommodation of her medical condition, instead, assigning Ms. Gegenheimer to a much more physical and labor intensive position.

43.     Defendant failed to accommodate Plaintiff in violation of the Americans with Disabilities Act.

44.     At all times material, Defendant was hostile to Plaintiff's disability and her need to utilize FMLA time.

45.     As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, lost wages, as well as emotional distress, humiliation, pain and suffering and other damages as described below.

**III.  Causes of Action.**

### COUNT I – TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)

46.     Plaintiff incorporates paragraphs 1-45 as if fully set forth at length herein.

47.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

48.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

49.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

50.     At all times material hereto, Plaintiff had a qualified disability, as described above.

51.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

52.     Defendant failed to engage in a meaningful back and forth discussion after Plaintiff requested an accommodation for her disability.

53.     Defendant failed to reasonably accommodate Plaintiff's disability.

54.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, lost benefits, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work

loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

55.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

56.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

## COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

57.    Plaintiff incorporates paragraphs 1-56 as if fully set forth at length herein.

58.    At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

59.    Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

60.    Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

61.    At all times material hereto, Plaintiff had a qualified disability, as described above.  Plaintiff's disability profoundly interfered with her day to day life activities.

62.    Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

63.    Defendant failed to accommodate Plaintiff's disability.

64.    Defendant failed to engage in a meaningful back and forth discussion in an effort to accommodate Plaintiff's disability.

65.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of wages, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning capacity and a claim is made therefore.

66.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

67.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

## COUNT III – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### (29 U.S.C. §2601 et seq.)

68.    Plaintiff incorporates paragraphs 1-67 as if fully set forth at length herein.

69.    As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

70.    Plaintiff was entitled to leave under the Family and Medical Leave Act, as described above.

71.    As described above, Defendant interfered with Plaintiff's rights to apply for and/or obtain medical leave in accordance with the Family and Medical Leave Act.

72.    Instead of reinstating Plaintiff to her former position upon her completion of her FMLA leave, Defendant terminated Plaintiff's employment.

73.    Defendant failed to reinstate Plaintiff to employment in violation of the provisions of FMLA.